UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JAY JOHNSON,

        Plaintiff,

v.                                          Case No. 2:18-cv-213
                                           HON.  GORDON J. QUIST

ASPIRUS CORP.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff John Jay Johnson, a non-prisoner *pro se* litigant, filed this action against Aspirus Corporation. (ECF No. 1). In his complaint, Plaintiff asserts the following six claims: (1) a "HIPAA Violation," (2) "American Disabilities Act of 1990," (3) "Abuse of Power" (4) "Fraud and Deception," (5) "Defamation of Character," and (6) "Negligence." Plaintiff seeks $1,000,000 in statutory damages, $250,000 in aggravated damages, and $250,000 "negligence tort damages." The Court granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the undersigned recommends that several of Plaintiff's claims be dismissed.

The allegations in Plaintiff's complaint are quite confusing. Plaintiff is currently on disability and has been receiving disability payments for sixteen years. He apparently has a history of issues with Aspirus hospitals. Plaintiff alleges that on July 14, 2016, he went to an Aspirus hospital after he fell. He received a hip x-ray and claims that an emergency room doctor misread the x-ray and sent him home. The following day, Plaintiff was taken by an ambulance back to the Aspirus hospital and it was determined that Plaintiff had multiple hip fractures.

But the claims in this case arise after Plaintiff's family doctor passed away and he was assigned a new physician at an Aspirus hospital. Three days before his appointment with a new physician, someone called to cancel the appointment.  Following the cancellation, Plaintiff made "many attempts to succeed in trying to figure out why [he was being denied service]." Ultimately, Plaintiff states that he was effectively "banned from both hospitals because of behavioral issues with staff."  Plaintiff also attempted to resolve the issues in a meeting with supervisors on July 13, 2018. But the meeting was ultimately unproductive. On July 17, 2018, the clinical director at Aspirus Ironwood wrote Plaintiff a letter, stating that he could no longer seek treatment at Aspirus Ironwood or Aspirus Hurley.

Plaintiff further alleges that one of his relatives works at Aspirus as a "greeter." Despite being a greeter at the hospital, Plaintiff states that his relative was able to obtain information about his mental health.  Plaintiff states that this is a HIPAA violation. After learning about his mental health status, Plaintiff states that his family members have "rejected him." Plaintiff raised this issue with Aspirus supervisors. In response, Plaintiff claims that Aspirus supervisors intimidated Plaintiff's relative so that she no longer had any recollection of the alleged HIPAA violation. Plaintiff states that the supervisors' conduct amounted to an abuse of power. After he was effectively banned from the two hospitals, Plaintiff continued to contact Aspirus regarding the HIPAA violation.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987).

Initially, the undersigned notes that it is unclear whether diversity jurisdiction exists in this case. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, which means that "no plaintiff and no defendant are citizens of the same state." *Jerome–Duncan, Inc. v. Auto–By–Tel LLC*, 176 F.3d 904, 907 (6th Cir. 1999). Here, Plaintiff is a Michigan resident and he states that he is suing Aspirus Corporation, which is incorporated in Wisconsin. In a section of the

complaint entitled, "Reasons for Requesting Federal Court Jurisdiction," Plaintiff states that there are three Aspirus hospitals involved in this case—Ironwood, Michigan; Hurley, Wisconsin; and Wausau, Wisconsin. Due to the confusing nature of the complaint, the undersigned cannot properly ascertain whether diversity jurisdiction exists. This issue is likely better addressed on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).

Plaintiff first asserts a claim under the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320a *et seq.* ("HIPAA"). The Sixth Circuit has stated that "although we have not held explicitly that there is no private right of action under HIPAA, express or implied, other circuits have so held." *Thomas v. Univ. of Tenn. Health Sci. Ctr.*, 2017 WL 9672523, at *2 (6th Cir. 2017) (citations omitted). In *Thomas*, the Sixth Circuit upheld a dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and determined that "[i]f [the plaintiff] believes that her HIPAA rights were violated, the proper avenue for redress is to file a complaint with the DHHS." *Id.* (citing 45 C.F.R. § 160.306). The facts in *Thomas* are nearly identical to the facts in this case. If Plaintiff believes that his HIPAA rights were violated, he should file a complaint with the DHHS. Therefore, the undersigned recommends the Plaintiff's HIPAA claim be dismissed.[1]

In addition, Plaintiff asserts an "Abuse of Power" claim, which appears to be a claim under the American Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), because Plaintiff cites 42 U.S.C. § 12101. Title III of the ADA prohibits public accommodations, including privately operated hospitals, from discriminating against individuals on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. §§ 12181(7)(f), 12182(a). However, with respect to Plaintiff's abuse

---

[1] Plaintiff also appears to allege that this claim is a breach of confidentiality tort claim. However, Plaintiff has failed to coherently articulate this theory of liability.

of power claim, he fails to articulate the basis for the claim. It appears that Plaintiff is asserting that the abuse of power occurred when Aspirus supervisors intimidated Plaintiff's relative following the alleged HIPAA violation. Plaintiff does not explain how Aspirus intimidated Plaintiff other than using "intimidation scare tactics." Because Plaintiff fails to articulate the basis of this claim, the undersigned recommends that the abuse of power claim be dismissed.

Plaintiff next asserts a "Fraud and Deception" claim pursuant to 18 U.S.C. § 1035. The cited statute is a criminal provision governing "False statements relating to health care matters." *Id.* In *Jones v. Howard*, 2018 WL 6039974, at *4 (D. Del. Nov. 18, 2018), the district court dismissed as frivolous a claim brought under this statute (among others). The court stated: "[t]o the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed." *Id.* Similar to *Jones*, Plaintiff does not have standing to bring this criminal charge. "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, in the opinion of the undersigned, Plaintiff's claim pursuant to 18 U.S.C. § 1035 should be dismissed.

Plaintiff next asserts a defamation claim. In his complaint, Plaintiff cites a definition of "defamation" from the federal statute on foreign judgments. 28 U.S.C. § 4101. However, defamation is a state law claim; therefore, Michigan state law applies. To succeed on a defamation claim under Michigan law, the plaintiff must prove "a false and defamatory statement concerning the plaintiff." *Mitan v. Campbell*, 471 Mich. 21, 24, 706 N.W.2d 420, 421 (Mich. 2005). "A plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory[.]" *Thomas M. Cooley Law School v. Doe 1*, 300 Mich. App. 245, 262, 833 N.W.2d 331, 341 (Mich. App. 2013). In this

case, Plaintiff does not allege that Aspirus made any false or defamatory statements. Instead, Plaintiff asserts that Aspirus only "exposed mental health information." Because Plaintiff has failed to allege that Aspirus made any false or defamatory statements, the undersigned recommends that Plaintiff's defamation claim be dismissed.

Plaintiff also asserts an ADA claim based on being banned from both hospitals and a negligence claim stemming from the alleged HIPAA violation. In the opinion of the undersigned, Plaintiff's ADA and negligence claims are not clearly frivolous and are not properly dismissed on initial review.

Accordingly, the undersigned recommends that the following claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii): "HIPAA Violation," "Abuse of Power," "Fraud and Deception," and "Defamation of Character."

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: February 20, 2019

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE