UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JAY JOHNSON,

    Plaintiff,

v.                                     Case No. 2:18-CV-213

ASPIRUS CORP.,               HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING FOUR CLAIMS WITH PREJUDICE

Plaintiff, John Jay Johnson, a non-prisoner *pro se* litigant, filed this action against Aspirus Corporation, asserting six claims: (1) a "HIPAA violation," (2) "American Disabilities Act of 1990," (3) "Abuse of Power," (4) "Fraude [sic] and Deception," (5) "Defamation of Charactor [sic]," and (6) "Negligence." (Compl., ECF No. 1.) Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an action brought *in forma pauperis* if the action is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. Using that standard, Magistrate Judge Timothy P. Greeley[1] issued a Report and Recommendation (R & R) recommending that the Court dismiss the following claims: "HIPAA violation," "Abuse of Power," "Fraude [sic] and Deception," and "Defamation of Charactor [sic]." (ECF No. 5.) Plaintiff filed timely objections to the R & R. (ECF No. 6.)

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

---
[1] Judge Greeley recently retired on March 14, 2019.

to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the claims indicated by the magistrate judge should be dismissed with prejudice. The Court notes that it is hard to decipher Plaintiff's specific objections to the R & R; Plaintiff's objections are primarily comprised of new factual allegations that are not relevant to the claims of this case and expressions of general disagreement with the magistrate judge's findings. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Nonetheless, the Court will address the issues that it can glean from the objections in connection with the findings of the magistrate judge.

**Federal Jurisdiction**

The magistrate judge noted in the R & R that it is unclear whether diversity jurisdiction exists. Plaintiff states in his objections that diversity jurisdiction exists because Aspirus runs medical facilities in both Wisconsin and Michigan. (ECF No. 6 at PageID.68.) It appears that Plaintiff misapprehends diversity jurisdiction. To take advantage of diversity jurisdiction, *opposing parties* must be citizens of different states. *See* 28 U.S.C. § 1332(a). However, because the Court will permit Plaintiff to proceed past initial screening on his claim of a violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, federal jurisdiction is proper as arising under federal law. 28 U.S.C. § 1331.

## HIPAA Violation

Plaintiff's first claim asserts a violation of the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320a *et seq*. The magistrate judge recommended dismissal of Plaintiff's claim of a HIPAA violation because, "although [the Sixth Circuit has] not held explicitly that there is no private right of action under HIPAA, express or implied, other circuits have so held." *Thomas v. Univ. of Tenn. Health Sci. Ctr. at Memphis*, No. 17-5708, 2017 WL 9672523, at *2 (6th Cir. Dec. 6, 2017) (collecting cases). The recourse available to an individual who believes that his HIPAA rights were violated is to file a complaint with the Department of Health and Human Services (DHHS).

Plaintiff argues that there is a recent decision by the Connecticut Supreme Court that concluded that HIPAA does confer a private right of action. (ECF No. 6 at PageID.99-100.) However, Plaintiff did not provide a citation or information sufficient to locate the case he references, and, more importantly, the Court finds the decisions of federal circuit courts more persuasive, particularly on an issue of federal law.

Plaintiff also states that he has already informed DHHS of the alleged violation because he sent a letter to the Office of Civil Rights (OCR). (*Id*. at PageID.103-05.) But DHHS and OCR are separate agencies, and even if Plaintiff had complained to DHHS, that was the extent of his remedy under HIPAA. Therefore, the Court will dismiss Plaintiff's claim of a HIPAA violation.

## Abuse of Power

Plaintiff asserts an "Abuse of Power" claim under the ADA. Plaintiff appears to argue that the abuse of power occurred when Aspirus supervisors intimidated his relative following the alleged HIPAA violation. (*Id*. at PageID.115.) However, as the magistrate judge noted, Plaintiff does not explain how Aspirus employees intimidated him or his relative. Because Plaintiff has

failed to articulate a basis of this claim, the Court agrees with the magistrate judge that the claim should be dismissed.

## Fraud and Deception

Plaintiff purports to bring a fraud claim pursuant to 18 U.S.C. § 1035. (*Id*. at PageID.75.) But the cited provision is a criminal statute. As the magistrate judge correctly concluded, Plaintiff lacks standing to proceed on this claim because the decision of whether to prosecute Aspirus criminally lies with the prosecutor. The Court will dismiss Plaintiff's fraud claim.

## Defamation

The magistrate judge recommended dismissing Plaintiff's defamation claim because Plaintiff has failed to plead his defamation claim with specificity. *Thomas M. Cooley Law Sch. v. Doe 1*, 300 Mich. App. 245, 262, 833 N.W.2d 331, 341 (2013). In his objections, Plaintiff appears to argue two instances of defamation: (1) that "the medical record reflects a bad record," and (2) the exposure of his health information through the alleged HIPAA violation. (ECF No. 6 at PageID.88, 91.) Both of Plaintiff's arguments fail under Michigan law. Because defamation in a written medical record would constitute libel, Plaintiff must plead "*the very words of the libel*." *Cooley Law Sch.*, 300 Mich. at 263, 833 N.W.2d at 341 (internal quotation marks omitted) (emphasis in original). Plaintiff has failed to do so. In regard to the alleged HIPAA violation, Plaintiff has not argued that any of the health information was false, as required to support a defamation claim. *Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420, 421 (2005) (stating that a defamation claim under Michigan law requires that the plaintiff prove "a false and defamatory statement concerning the plaintiff"). Therefore, the Court will dismiss Plaintiff's defamation claim.

### ADA Discrimination and Negligence

The magistrate judge opined that Plaintiff's ADA discrimination and negligence claims were not clearly frivolous and not properly dismissed on initial review. The Court agrees.

### Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the February 20, 2019, Report and Recommendation (ECF No. 5) is **approved and adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the following claims are **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B): "HIPAA Violation," "Abuse of Power," "Fraude [sic] and Deception," and "Defamation of Charactor [sic]." Plaintiff may proceed on his ADA discrimination and negligence claims.

Dated: May 24, 2019                              /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE